UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BEWERNITZ,
    Plaintiff,

-vs-                                          CASE NO.
                                                HON.

COUNTY OF JACKSON, and THOMAS SILVEUS,
in his individual and official capacity,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **DANIEL BEWERNITZ**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is currently a resident of the City of Fowlerville, County of Livingston, State of Michigan.
2. Defendant County of Jackson is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.
3. Defendant Thomas Silveus is and/or was a police officer working and/or assigned to the Jackson County Sheriff Department and at all times mentioned herein was acting under color of law, in his individual and official capacity, and within the course and scope of his employment.
4. All events giving rise to this lawsuit occurred in the City of Jackson, County of Jackson, State of Michigan.
5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983. Plaintiff also has viable state law claims.
6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].
7. That the amount in controversy exceeds Seventy-Five Thousand Dollars

($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on October 4, 2016 at 11:16 p.m., Plaintiff was arrested by Jackson County Sheriff Deputies for domestic violence and on an outstanding warrant.

10. Arresting officer took Plaintiff to Henry Ford Allegiance to get medically cleared before being transported to the Jackson County Jail.

11. Plaintiff was medically cleared for booking.

12. That on October 5, 2016 around 10:00 a.m., Plaintiff was processed.

13. Sometime later Plaintiff began banging on his cell door requesting medical assistance.

14. That on October 5, 2016 around 2:50 p.m., Defendant Thomas Silveus told Plaintiff to quit banging on the cell door and to back away from the door.

15. Defendant Silveus entered into Plaintiff's cell and ordered Plaintiff to face the back wall.

16. Defendant Silveus then maced Plaintiff in his face and kicked him.

17. That Plaintiff complained of being injured.

18. On October 7, 2016, Plaintiff continued to complain of severe pain in his lower abdomen and eye requesting to go to the hospital.

19. That a Jackson County Sheriff Nurse came and examined Plaintiff.

20. The Jackson County Nurse examined Plaintiff but did not want to send him to the hospital.

21. Plaintiff was released on October 7, 2016 at 6:09 p.m.

22. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

23. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

24. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

25. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourteenth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly

to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

26. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

27. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourteenth Amendment right to be free from excessive use of force.

28. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT II
GROSS NEGLIGENCE**

29. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

30. At all pertinent times, the individual Defendants were acting in both their individual and official capacities and under color of law and therefore owed Plaintiff the duty to avoid a violation of his constitutionally guaranteed civil rights.

31. The individually-named Defendants had a duty to perform their employment activities so as not to endanger or cause harm to individuals.

32. Nevertheless, in performing their duties, the individually-named Defendants breached this duty by acting indifferently or by acting in a grossly negligent manner without regard to Plaintiff's welfare.

33. The individual Defendants either knew or should have known that breach of these duties would cause harm to Plaintiff.

34. Defendants' indifferent/grossly negligent acts and/or omissions caused Plaintiff to suffer damages.

35. As a direct and proximate result of Defendants' intentional and/or reckless conduct, Plaintiff suffered severe emotional distress and the damages described herein.

36. As a direct and proximate result of Defendants' actions against Plaintiff as described, Plaintiff has suffered injuries and damages, including, but not limited to, loss of earnings and earning capacity; loss of career

opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

37. Defendants' actions were so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## COUNTY OF JACKSON CONSTITUTIONAL VIOLATIONS

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. Defendant County of Jackson acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

40. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

d. Failing to supervise, review, and/or discipline police officers whom Defendant County of Jackson knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

f. Allowing deputies to use unreasonable force on a regular basis without justification and without disciplining the officers.

41. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

42. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

43. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

    Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated:  November 1, 2018
CJT/mdb

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BEWERNITZ,
    Plaintiff,

-vs-                                                        CASE NO.
                                                          HON.

COUNTY OF JACKSON, and THOMAS SILVEUS,
in his individual and official capacity,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiff, **DANIEL BEWERNITZ**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

            Respectfully Submitted,
            CHRISTOPHER TRAINOR & ASSOCIATES

            **s/ Christopher J. Trainor**
            CHRISTOPHER J. TRAINOR (P42449)
            AMY J. DEROUIN (P70514)
            Attorneys for Plaintiff
            9750 Highland Road
            White Lake, MI  48386
            (248) 886-8650
            amy.derouin@cjtrainor.com

Dated: November 1, 2018
CJT/mdb